# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CRIMINAL NO. 08-0033-CB |
| | | CIVIL ACTION NO. 09-00319 |
| BRYAN CODY HALL | ) | |
| Defendant/Petitioner. | ) | |

## **OPINION and ORDER**

This matter is before the Court on a motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 filed by Petitioner Bryan Cody Hall, a person in federal custody. (Doc. 25.) After careful review of the motion, the government's response (Doc. 32) and all other relevant documents and evidence, the Court finds that the motion is due to be denied without an evidentiary hearing.

**Factual & Procedural Background**

On January 31, 2008, Petitioner Bryan Cody Hall was charged in a one-count indictment with failing to register and update his registration as a sex offender as required by the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. §§ 16901 *et seq.* in violation of 18 U.S.C. § 2250(a). Assistant Federal Public Defender Chris Knight was appointed to represent Hall. On March 18, 2008, the parties filed a written plea agreement wherein Hall agreed to plead guilty and, in exchange, the government agreed to recommend a sentence at the low end of the applicable sentencing guideline range. Hall entered his plea on March 28, 2008.

On June 28, 2008, just four days prior to sentencing, defense counsel filed a "Motion to Correct Clear Error and to Dismiss with Supporting Authority." (Doc. 22.) The motion raised various legal challenges to SORNA, including due process challenges based on the failure of

state or federal authorities to notify the defendant of the duty to register under SORNA and a challenge to the applicability of the law due to the state's failure to implement SORNA. That motion was unsuccessful.[1] Hall was sentenced to six months custody[2] and a supervised release term of life. No appeal was taken.

**Issues Raised**

Petitioner Hall raises the following issues in his § 2255 motion:

1. Ineffective assistance of counsel based on counsel's failure to advise Petitioner adequately of "all [his] rights or facts of [his] case prior to sentenceing [sic];"

2. Violation of Petitioner's due process rights, presumably based on the SORNA challenges asserted in the post-sentencing motion to dismiss; and

3. Ineffective assistance of counsel, presumably based on counsel's failure to inform Petitioner prior to sentencing about the issues raised in the motion to dismiss.

**Legal Analysis**

*Standard of Review*

Habeas relief is an extraordinary remedy which "may not do service for a [ ] [direct] appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). A defendant who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." *Id*. at 164. Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited. *Addonizio v. United States*, 442 U.S. 178, 185 (1979). In general, claims not raised on direct appeal may not be considered on collateral attack. A

---

[1] There is no written order ruling on this motion. Therefore, the motion was denied, either explicitly or implicitly, at sentencing.

[2] The custody sentence was adjusted to account for time already served in state custody.

petitioner can, however, overcome his procedural default of claims not raised on direct appeal. The burden a petitioner must meet differs, depending upon the type of claim he raises. First, "nonconstitutional claims can be raised on collateral review only when the alleged error constitutes a fundamental defect which inherently results in the miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998) (citations and internal quotations omitted). A petitioner's burden with regard to constitutional claims not presented on direct appeal is slightly less stringent. Constitutional claims may be considered if the petitioner can "show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors." *Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990). One way a petitioner may overcome a procedural default of claims not raised on direct appeal is by attributing the failure to raise those claims to constitutionally ineffective assistance of counsel. *Cross*, 893 F.2d at 1290.

To establish that counsel's performance was so deficient as to violate petitioner's right to counsel guaranteed by the Sixth Amendment, petitioner "must show both incompetence and prejudice: (1) [P]etitioner must show that counsel's representation fell below an objective standard of reasonableness and (2) [P]etitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Chandler v. United States*, 218 F.3d 1305, 1312-13 (11th Cir. 2000) (en banc) (internal quotations and citations omitted). Evaluation of the first prong of an ineffective assistance claim, the reasonableness of counsel's performance, is guided by the principles set forth by the Eleventh Circuit in *Chandler*. First, the standard is *reasonableness* under the prevailing norms of the legal profession. *Id.* at 1313. The question is not whether counsel did what was possible, or even what was prudent but whether he did what was "constitutionally

compelled." *Id*. The burden of persuasion is on the petitioner to prove by a preponderance of competent evidence that counsel's performance was unreasonable. *Id.* Review of counsel's performance must be highly deferential, and there is a "strong presumption" of reasonableness. *Id.* at 1314. That presumption is even stronger if petitioner was represented by experienced trial counsel. *Id.* at 1315. Nothing looks the same in hindsight; therefore, the Court must evaluate the reasonableness of counsel's performance from counsel's perspective at trial. *Id.* at 1316. No absolute rules dictate what is reasonable. *Id.* at 1317. Hence, counsel has no absolute duty to investigate particular facts or a certain line of defense. *Id.*

Even when an attorney is shown to have performed unreasonably in his representation of a defendant, it is just as likely as not that his error was harmless. *Johnson v. Alabama*, 256 F.3d 1156, 1177 (11th Cir. 2001). Therefore, a petitioner has a difficult burden to prove the prejudice prong of his ineffective assistance of counsel claims. *Id.* As noted, prejudice requires proof that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id*. (quoting *Strickland v. Washington,* 466 U.S. at 694). A "reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings.'" *Id.* It is not enough to show that the error had "some conceivable effect;" rather, the error must be so egregious as to render the trial unfair and the verdict suspect. *Id.*

An evidentiary hearing is required with respect to petitioner's § 2255 claims "unless the motion and the files and records of the case conclusively show that the [petitioner] is entitled to no relief." 28 U.S.C. § 2255. "Notwithstanding this legislative mandate, it is well settled that a petitioner does not establish his right to a hearing by the simple expedient of filing a petition." *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984). No hearing is required where petitioner has asserted claims that are patently frivolous, claims that amount to nothing more

than unsupported generalizations or claims that are affirmatively contradicted by the record. *Id.* Put differently, to obtain a hearing a Petitioner must allege "reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Aron v. United States,* 291 F.3d 708, 715 n. 6 (11th Cir. 2002).

### *Claim One: Ineffective Assistance of Counsel/Inadequate Advice*

Petitioner's first claim is rather vague and is based entirely on the following allegation:

> I was not advised of all my rights or facts of my case prior to sentenceing [sic]. I was advised I had <u>no</u> chance of winning a favorable outcome.

(Pet., Doc. 25, 4.)[3] That allegation is insufficient to support a claim for several reasons. First, it is conclusory. Petitioner does not identify any specific rights or facts about which counsel failed to advise him. Second, to the extent Petitioner is complaining about counsel's advice that he had no chance of a favorable outcome if he went to trial, there is no reason to believe that advice was erroneous. Petitioner was a convicted sex offender who failed to register as required by SORNA. Third, a petitioner who has pled guilty can succeed on an ineffective assistance of counsel claim only if "counsel's [allegedly] constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In *Hill,* the Supreme Court found that the petitioner had failed to allege prejudice,

---

[3] Understandably, given the vague nature of the allegations, the government has interpreted this claim differently and has addressed it as an attack on the knowing and voluntary nature of the guilty plea. To the extent the claim could be so construed, it would be barred by the doctrine of procedural default. *See Bousley v. United States*, 523 U.S. 614, 621-22 (1998) (§ 2255 petitioner must demonstrate cause and prejudice for failure to raise challenge to validity of guilty plea on direct appeal).

5

and therefore was not entitled to relief. The omission in *Hill* is the same as the omission here—Petitioner does not assert that but for counsel's errors he would have not have pled guilty and would have gone to trial.

### *Claims Two & Three: Due Process Clause Violation/Ineffective Assistance*

Petitioner's second and third claims, both related to the validity of the SORNA law, are effectively one and the same.[4] Petitioner argues that the outcome of his case may have been different if counsel had advised him of prior to sentencing about the potential legal challenge to SORNA. As to this claim, Petitioner has failed to demonstrate prejudice. Petitioner avers that he "could have withdrawn [his] guilty plea and/or had the motion submitted and/or had [ ] the facts heard then." (Pet., Doc. 25, 5.) In order to withdraw a guilty plea prior to sentencing, a defendant must present a motion to the Court demonstrating a "fair and just reason" for the request. Fed. R. Crim. P. 11(d)(2)(A). Because those legal issues were available to him prior to the entry of the guilty plea, the Court would not have allowed Petitioner to withdraw plea. To the extent Petitioner contends that the motion to dismiss would have been successful and would have resulted in an acquittal, he is mistaken. The Eleventh Circuit subsequently addressed and rejected the same issues raised by Petitioner's counsel in the motion to dismiss. *See United States v. Brown*, 586 F.3d 1342 (11th Cir. 2009) (holding that Alabama's failure to implement SORNA did not affect sex offender's duty to register and that due process is satisfied by notice of duty to register under state law). Thus, counsel's failure to advise Petitioner about these potential legal issues did not result in any prejudice to the Petitioner.

---

[4] Petitioner's due process claim, standing alone, is procedurally defaulted because it could have been raised on direct appeal but was not. Petitioner's ineffective assistance claim may be considered as an attempt to overcome that procedural default.

**Conclusion**

For all of the reasons discussed above, the Court finds that the Petitioner is not entitled to relief. Therefore, the motion to vacate, set aside or correct sentence is **DENIED**.

**Certificate of Appealability Denied**

Rule 11 of the Rules Governing Section 2255 Proceedings requires that this Court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "A certificate of appealability may be issued only where the applicant has made a 'substantial showing of the denial of a constitutional right.'" Hardwick v. Singletary, 126 F.3d 1312, 1313 (11th Cir. 1997). This standard is "materially identical" to the standard governing certificates of probable cause under the former 28 U.S.C. § 2253. Id.; accord Slack v. McDaniel, 579 U.S. 473 (2000). In the context of certificates of probable cause, the Supreme Court has defined the requirement of "a substantial showing of the denial of a federal right" to mean that the applicant must raise an issue that is debatable among jurists of reason. Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983). None of the claims raised in petitioner's § 2255 meet this threshold. Accordingly, the certificate of appealability is **DENIED**.

**DONE** and **ORDERED** this the 12th day of September, 2011.

s/*Charles R. Butler, Jr.*
**Senior United States District Judge**